IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELHAN ADO MUSKIC,<br>    Plaintiff<br><br>v.<br><br>GREGORY SCOTT FULLER and<br>DOWDY TRANSPORT, LLC,<br>    Defendants | §<br>§<br>§<br>§<br>§  Civil Action No. 3:17-CV-00266-D<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Elhan Ado Muskic ("Plaintiff"), filing this Plaintiff's Second Amended Complaint against Gregory Scott Fuller ("Defendant Fuller") and Dowdy Transport, LLC ("Defendant Dowdy") (both collectively "Defendants"). In support hereof, Plaintiff would show the Court the following:

**I.  PARTIES AND SERVICE**

1.1   Plaintiff is an individual.

1.2   Defendant, Dowdy Transport, LLC, is a foreign limited liability company that has answered and is before the Court.

1.3   Defendant, **Gregory Scott Fuller**, is an individual who may be served with process at his residence located at **5024 Conquer Drive, Murfreesboro, Tennessee 37128.**

**II.  JURISDICTION AND VENUE**

2.1   This Court has jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiff's alleged damages exceed $75,000.00 and there is complete diversity of citizenship between the parties.

## III.  FACTUAL BACKGROUND

3.1   Plaintiff is a professional truck driver.

3.2   On or about October 16, 2015, Plaintiff had parked his 18-wheel tractor trailer in the parking lot/loading dock area located at 2080 McDaniel Drive in Carrollton, Texas.

3.3   Plaintiff was on the ground at the front of his truck inspecting a fluid leak.

3.4   On information and belief, Defendant Fuller is a professional truck driver employed by Defendant Dowdy at the time of the accident complained of herein.

3.5   Defendant Fuller was operating an 18-wheel tractor trailer owned by Defendant Dowdy on a perpendicular course in the same parking lot.

3.6   On information and belief, Defendant Fuller was operating in the course and scope of his employment with Defendant Dowdy.

3.7.  Defendant Fuller evidently failed to see Plaintiff inspecting his truck, drove his truck dangerously close to Plaintiff's truck, and ran over Plaintiff's right arm.

3.8   Plaintiff suffered severe injuries and had to be rushed to Parkland Hospital by City of Carrollton EMS.

3.9   As a direct and proximate result of Defendants' negligence, Plaintiff suffered the personal injuries and lost wages.

## IV.  CAUSE OF ACTION - NEGLIGENCE

4.1   Plaintiff hereby incorporates Paragraphs 3.1 through 3.9 by reference for all purposes herein.

4.2   Plaintiff would show that at the time and on the occasion complained of Defendant Fuller was negligent and which negligence proximately caused him damages in some or all, but not necessarily limited to, the following particulars:

1. In failing to keep such proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

2. In failing to make a timely application of his brakes under the conditions and circumstances then and there existing;

3. In failing to make a proper application of his brakes under the conditions and circumstances then and there existing;

4. In failing to control the speed at which he operated his vehicle; and

5. Operating his truck too close to Plaintiff's truck.

4.3   Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of Plaintiff's action and Plaintiff's damages.

## V.  VICARIOUS LIABILITY

5.1   Plaintiff hereby incorporates Paragraphs 3.1 through 3.9 by reference for all purposes herein.

5.2   On information and belief, at the time of the accident, Defendant Fuller was operating the vehicle within the course and scope of his employment with Defendant Dowdy, which is, therefore, vicariously liable for Defendant Fuller's acts and omissions pursuant to the doctrine of respondeat superior.

## VI.  DAMAGES

6.1 Plaintiff hereby incorporates Paragraphs 3.1 through 3.9 by reference for all purposes herein.

6.2 Plaintiff would show that as a direct and proximate result of the negligence of Defendants, he has suffered the following damages, for which he should be compensated in a sum that is within the jurisdictional limits of this Court:

1. Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and customary for such services in the county and locale in which they were rendered;

2. Reasonable medical care and expenses that in reasonable medical probability will be needed and incurred by Plaintiff in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering in the future;

5. Mental anguish in the past;

6. Mental anguish in the future;

7. Physical impairment in the past;

8. Physical impairment in the future;

9. Lost wages/income in the past;

10. Lost wages/income in the future; and

11. Loss of earning capacity.

## VII.  PRAYER

7.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

*/s/ Gregory B. Fell*
Gregory B. Fell
**ATTORNEY IN CHARGE**
TBN:  00790670
gfell@felllawfirm.com

Jeffrey G. Atkins
TBN:  01404500
jatkins@felllawfirm.com

The Fell Law Firm
3021 E. Renner Rd., Suite 140
Richardson, Texas 75082
(972) 488-8177 – phone
(972) 664-0470 – fax

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on February 6, 2017, this document was served upon all counsel of record according to the Federal Rules of Civil Procedure.

*/s/ Gregory B. Fell*
Gregory B. Fell